Steven M. Speier
Post Office Box 7637
Newport Beach, CA 92658
(949) 336-1895
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## RIVERSIDE DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 6:13-BK-13892-SC |
| | § | |
| MUTUAL CARE MANAGEMENT, INC. | § | |
| | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## NOTICE OF TRUSTEE'S FINAL REPORT AND
## APPLICATION FOR COMPENSATION
## AND DEADLINE TO OBJECT (NFR)

    Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Steven M. Speier, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

    The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

US BANKRUPTCY COURT CENTRAL DISTRICT
3420 12TH STREET
RIVERSIDE, CA 92501-3819

    A hearing on the Trustee's Final Report and Applications for Compensation will be held at 11:00 a.m. on 03/20/2018 in Courtroom Video Ctrm 126, U.S. Bankruptcy Court, located at 3420 12TH STREET, RIVERSIDE, CA 92501-3819. Any person wishing to object to any fee application that has not already been approved, or to the Trustee's Final Report, must file a written opposition thereto pursuant to Local Bankruptcy Rule 9013-1(f) not later than 14 days before the date designated for hearing and serve a copy of the opposition upon the trustee, any party whose application is being challenged and the United States Trustee. Untimely objections may be deemed waived. In the absence of a timely objection by the United States Trustee or other party in interest, the Court may discharge the Chapter 7 Trustee and close the case without reviewing the Final Report and Account or determining the merits of the Chapter 7 Trustee's certification that the estate has been fully administered. See Federal Rule of Bankruptcy Procedure 5009.

Date:    02/15/2018    By:    /s/ Steven M. Speier
                                                                                                    Trustee

Steven M. Speier
Post Office Box 7637

UST Form 101-7-NFR (10/1/2010)

Newport Beach, CA 92658

**UST Form 101-7-NFR (10/1/2010)**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**RIVERSIDE DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 6:13-BK-13892-SC |
| | § | |
| MUTUAL CARE MANAGEMENT, INC. | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

**SUMMARY OF TRUSTEE'S FINAL REPORT**
**AND APPLICATIONS FOR COMPENSATION**

*The Final Report shows receipts of* $20,496.49
*and approved disbursements of* $3,612.29
*leaving a balance on hand of[1]:* $16,884.20

Claims of secured creditors will be paid as follows: NONE

Total to be paid to secured creditors: $0.00
Remaining balance: $16,884.20

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| STEVEN M. SPEIER, Trustee Fees | $2,799.65 | $0.00 | $1,619.22 |
| Steven M. Speier, Trustee Expenses | $41.63 | $0.00 | $41.63 |
| Goe & Forsythe, LLP, Attorney for Trustee Fees | $21,383.00 | $0.00 | $12,367.17 |
| Goe & Forsythe, LLP, Attorney for Trustee Expenses | $206.70 | $0.00 | $206.70 |
| Karl T. Anderson, CPA, Inc., Accountant for Trustee Fees | $3,000.00 | $3,000.00 | $0.00 |
| Other: FRANCHISE TAX BOARD, Other State or Local Taxes | $4,580.99 | $0.00 | $2,649.48 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

|  | Total to be paid for chapter 7 administrative expenses: | $16,884.20 |
|---|---|---|
|  | Remaining balance: | $0.00 |

Applications for prior chapter fees and administrative expenses have been filed as follows: NONE

|  | Total to be paid to prior chapter administrative expenses: | $0.00 |
|---|---|---|
|  | Remaining balance: | $0.00 |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $800.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 4 | Franchise Tax Board | $800.00 | $0.00 | $0.00 |

|  | Total to be paid to priority claims: | $0.00 |
|---|---|---|
|  | Remaining balance: | $0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $10,286.74 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 2 | NTT DATA Inc | $10,286.74 | $0.00 | $0.00 |

|  | Total to be paid to timely general unsecured claims: | $0.00 |
|---|---|---|
|  | Remaining balance: | $0.00 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general

**UST Form 101-7-NFR (10/1/2010)**

(unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows: NONE

| | |
|---|---:|
| Total to be paid to tardily filed general unsecured claims: | $0.00 |
| Remaining balance: | $0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

| | |
|---|---:|
| Total to be paid for subordinated claims: | $0.00 |
| Remaining balance: | $0.00 |

Prepared By:  /s/ Steven M. Speier
Trustee

Steven M. Speier
Post Office Box 7637
Newport Beach, CA 92658

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**